# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HUGH GILLIAM (#760359)**                                   **CIVIL ACTION NO.**

**VERSUS**                                                            **23-182-SDD-SDJ**

**UNKNOWN BORDELON, ET AL.**

## NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in Baton Rouge, Louisiana, on November 7, 2023.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HUGH GILLIAM (#760359)**                           **CIVIL ACTION NO.**

**VERSUS**                                           **23-182-SDD-SDJ**

**UNKNOWN BORDELON, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint, as amended,[1] of Plaintiff Hugh Gilliam.  Based on the required screening of such Complaints under 28 U.S.C. § 1915A, and the authority given to the Court under 28 U.S.C. § 1915(e), it is recommended that the Court decline the exercise of supplemental jurisdiction over any of Gilliam's potential state law claims, that Gilliam's claims brought in his original and amended complaints[2] regarding lack of stationary supplies and his lost law book be dismissed with prejudice,[3] that the claims regarding lost property, excessive force, and deliberate indifference contained in the Second Supplement to § 1983 be dismissed without prejudice as improperly joined,[4] and that Gilliam's requests for preliminary injunctive relief be denied.[5]   It is also ordered that the multiple Motions seeking to amend/supplement the complaint, as well as the Motion requesting production of documents be denied.

---

[1] R. Docs. 1 & 3.

[2] R. Docs. 1 & 3.

[3] Gilliam is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.

[4] R. Doc. 7.

[5] R. Docs. 1 & 22.

## I.    BACKGROUND

Gilliam filed this suit on March 4, 2023, pursuant to 42 U.S.C. § 1983 against Donnie Bordelon,[6] Unknown Classification Officer, and Unknown Commissary Officer, alleging violations of his constitutional rights.[7]  He seeks injunctive and monetary relief.[8]

## II.    LAW & ANALYSIS

### A.  Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[9]  The screening process is intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.  Dismissal of any claim that does not pass court screening may be made before service of process or before any defendant has answered.  Gilliam's Complaint is subject to the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[10]  This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the

---

[6] Bordelon's first name was omitted from the original complaint.  R. Doc. 1.

[7] The filing date for documents submitted by inmates is the date the filing was submitted to prison authorities.  *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995) (the prison mailbox rule generally applies to filings by inmates and uses the date the filing was submitted to prison authorities for filing as the filing date, rather than the date the document was ultimately filed with the court); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008).  Gilliam's Complaint is dated March 4, 2023. R. Doc. 1.

[8] R. Docs. 1 & 3.

[9] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP").  28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Gilliam was granted IFP status, so both statutes apply.

[10] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

plaintiff.[11]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]  For a complaint to survive dismissal, it must have enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[14]

### B.  Gilliam Cannot State a Denial of Access to the Courts Claim

Inmates have a fundamental constitutional right of access to the courts.[15]  The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."[16]  In order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that she has suffered some cognizable legal prejudice or detriment as a result of the defendant's actions.[17]  In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so.[18]  An inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights.[19]  Because the right to access to the

---

[11] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Id.*

[14] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), (citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009)).

[15] *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

[16] *Id.* at 356.

[17] *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

[18] *See Herrington v. Martin,* No. 09-785, 2009 WL 5178340, *2 (W.D. La. Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983").

[19] *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997).

courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court,"[20] "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint."[21]

### i.    Lack of Supplies

In Gilliam's original filing he alleges that he was being restricted from commissary and was unable to purchase stationary supplies on February 21st and 28th, 2023.[22]  He alleges that the inability to purchase stationary supplies was going to prevent him from completing his post-conviction relief application, which had a deadline of May 2, 2023.[23]  Gilliam also alleges he "had to violate D.O.C. policy to obtain the pen, paper, and envelope to write this, as I am prevented from purchasing any of this," but he does not elaborate.[24]  "[T]he Fifth Circuit has noted that the right of access to legal materials is simply an offshoot of the right of access to court, because the Court's main concern is protecting the ability of the inmate to prepare a petition or complaint."[25]

Though Plaintiff alleges he does not have access to the necessary paper, pens, and the like to write his post-conviction relief application, it is clear from the plethora of filings in the instant action that he does have access to the necessary materials for composing legal pleadings.[26]  Gilliam has filed numerous complaints, amended complaints, supplemental complaints, motions, and other

---

[20] *Christopher v. Harbury,* 536 U.S. 403, 415 (2002),
[21] *Lewis,* 518 U.S. at 356.
[22] R. Doc. 1.
[23] R. Doc. 1.
[24] R. Doc. 1, p. 3.  The Court is also unaware of any D.O.C. policy that would prohibit possession of items required to complete legal work and has not uncovered any such policy.
[25] *Postell v. Unit Doctor*, 2020 WL 1808214, at *5 (E.D. Tex. March 4, 2020) (citing *Mann v. Smith*, 796 F.2d 79, 83 (5th Cir. 1986).
[26] *See Lowe v. Lee*, No. 3:17-CV-448, 2017 WL 6030045, at *6 (W.D. La. Oct. 23, 2017), *report and recommendation adopted,* No. 3:17-CV-448, 2017 WL 6029635 (W.D. La. Dec. 4, 2017) (dismissing as frivolous a claim that plaintiff was denied access to the courts because he could not buy postage stamps, paper, envelopes, and pens noting as follows: "[w]hile plaintiff alleges the was denied postage, envelopes, paper and pens, it is clear that he, in fact, did have access to writing materials, as well as stamps, needed to compose and mail both his original and amended complaint. As such, his claims that he is being denied access to the court because he is being denied paper, pen, envelopes and postage stamps, must fail.").

documents with this Court, demonstrating that he has seemingly unlimited access to writing supplies.[27]  Though Gilliam attached a document demonstrating that he is restricted from canteen use,[28] "[t]he right of access to legal materials does not mean that inmates are entitled to receive an unlimited supply of such paper and writing instruments."[29]  Though Gilliam may have been restricted from purchasing more pens, paper, and similar items, the pleadings filed in the present case demonstrate that he has ample access to paper, pens, envelopes, and postage.[30]  Further, Gilliam is not constitutionally entitled to unlimited stationary supplies, and he clearly has had adequate supplies to compose and send pleadings,[31] so his claim regarding denial of access to the courts fails and is subject to dismissal.[32]

---

[27] He filed a complaint, amended complaint, and a Motion to Proceed *in Forma Pauperis* all before the alleged May 2, 2023 deadline for filing his post-conviction relief application.  R. Docs. 1, 3, & 4. The Court notes that Gilliam was transferred from the Elayn Hunt Correctional Center, where he was incarcerated when this action was filed, to the Louisiana State Penitentiary on May 17, 2023.  R. Doc. 7.

[28] R. Doc. 1, p. 4.

[29] *Postell*, 2020 WL 1808214 at *5.

[30] *Id.*

[31] *Umar v. Burkett*, 996 F.2d 304 (5th Cir. 1993) ("The right of access to the courts does not guarantee an infinite quantity of supplies on demand. This complaint manifestly is lacking in merit.").

[32] Gilliam's claim regarding denial of access to the courts also fails for at least four additional reasons: (1) Gilliam has provided no indication through his many pleadings/proposed pleadings that he was unable to timely file his post-conviction relief application, so he has failed to demonstrate that he suffered any detriment, which is a required element of the claim (*Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996)); (2) Gilliam also failed to provide the Court with an iota of information regarding the claims he intended or did bring in his post-conviction relief application, which is an essential element of a denial of access to courts claims, despite the many pleadings/proposed pleadings filed in this action (*see, e.g.*, R. Docs. 1, 3, 7, 12, & 13); (3) considering that Gilliam's claims arose at the end of February 2023, and this action was filed on March 4, 2023, his claims would also be subject to dismissal without prejudice for failure to exhaust as required by 42 U.S.C. § 1997e because he could not have properly exhausted his administrative remedies within this short timeframe, and his complaints do not appear to meet the requirements for filing an emergency grievance, though he alleges this is the process he attempted to utilize; and (4) Gilliam failed to allege any facts to indicate that any Defendant had the intent required to deprive him of access to the courts. Considering the utter lack of merit in Gilliam's claims, he should not be given an additional opportunity to amend to attempt to state a claim.

ii.    **Missing Envelope**[33]

In Gilliam's amended Complaint, he alleges that, on March 8, 2023, he handed two manilla envelopes containing legal work to Lt. White, and those envelopes sat inside the officer's station for over a week.[34]  Weeks later, only one envelope was returned, and the envelope that was missing contained a book, the "Jailhouse Lawyers Manual."[35]  It is unclear whether Gilliam intends for this to be another claim regarding access to the Courts or for lost property, but the claim lacks merit under any reading.

To the extent Gilliam attempts to state a denial of access to the courts claim as a result of his "Jailhouse Lawyers Manual" being lost, he cannot state a claim.  As noted above, access to courts claims question whether the plaintiff had the capability of bringing legal action.[36]  Gilliam does not make any allegations to indicate that he was incapable of litigating his post-conviction relief application without this particular book; for example, he does not allege that he lacked access to other books or reasonable access to a law library.[37]  Gilliam has also failed to plead any facts to indicate that any official at the jail intentionally deprived him of access to this book with the intent of interfering with his access to the courts. Accordingly, Gilliam cannot state a claim in this regard.[38]

---

[33] In the amended complaint, Gilliam also states that he has tried placing himself on protective custody, apparently because "EHCC is…known for, having lockblade knives, cell phones, and drugs…."  R. Doc. 3, p. 7. It is unclear if Gilliam is attempting to bring a claim regarding his safety, but to the extent he seeks to bring such a claim, it would not be properly joined in this action pursuant to Federal Rules of Civil Procedure 18 and 20, as discussed below in relation to the claims brought in Gilliam's "Second Supplement to § 1983" and would be subject to dismissal.

[34] To the extent Gilliam notes that he was unable to purchase stationary supplies on March 7, 2023, those claims are subject to dismissal for the same reasons as his claims regarding stationary supplies above, as well as for the additional reason that he could not have exhausted a claim occurring on March 7, 2023, prior to filing this action, which was filed on March 4, 2023.

[35] R. Doc. 3, pp. 4-5.

[36] *Lewis,* 518 U.S. at 356.

[37] *See Davidson v. Pace*, 47 F.3d 424, 424 (5th Cir. 1995) (inconvenience does not amount to deprivation of access to the courts).

[38] *See Maize v. Monfra*, No. 16-15364, 2016 WL 11220807, at pp. *1 & 5 (E.D. La. Nov. 7, 2016), *report and recommendation adopted* No. 16-15364, 2017 WL 2417182 (E.D. La. June 2, 2017) (dismissing claim of lost property, including legal mail, as frivolous).

To the extent Gilliam seeks to pursue a claim for lost property, he fairs no better. Pursuant to well-established federal jurisprudence, an unauthorized negligent, or even intentional, wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available.[39] Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.[40] Here, Gilliam has not alleged that state post-deprivation remedies are unavailable or inadequate. To the contrary, Louisiana law provides a basis for Gilliam to proceed against Defendant for recovery of his property or for reimbursement for its loss.[41] Accordingly, Gilliam fails to state a federal claim for alleged loss of property without due process.[42]

### C. Claims in the Second Supplemental Complaint are Subject to Dismissal as Improperly Joined

In Gilliam's Second Supplement to § 1983, he claims that on December 4, 2022, a JPay Tablet purchased for him by his mother and other items were taken from him during a strip search and not returned.[43] He also makes allegations regarding an apparent claim of excessive force occurring on December 4, 2022, as well as claims sounding in deliberate indifference to a serious

---

[39] *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542 (1981). This is commonly referred to as the "Parratt/Hudson Doctrine."

[40] *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984). *See also, Batiste v. Lee*, Civ. Action No. 09-674, 2009 WL 2708111 (W.D. La. Aug. 26, 2009) (dismissing *pro se* prisoner's claims for deprivation of property as frivolous and for failing to state a claim based on the *Parratt/Hudson Doctrine*)

[41] *Marshall*, 741 F.2d at 763 (noting that Louisiana Civil Code article 2315 provides post-deprivation remedies for negligence or intentional torts). The Louisiana Administrative Code also has a specific procedure for inmates to make lost property claims. La. Admin. Code tit. 22, Part I(L). If it is established that the inmate's property was lost by prison officials, the inmate may recover the reasonable value of the property or may be entitled to state issued replacement property.

[42] Gilliam's claims for access to the courts and lost property arising from the missing envelope/book would also be subject to dismissal without prejudice as unexhausted, as the incident occurred between March 8 and March 26, 2023, after the filing of this action, which occurred on March 4, 2023. *See* 42 U.S.C. § 1997e and discussion re: exhaustion *infra*.

[43] R. Doc. 7, pp. 1-3.

medical need.[44]  These claims are unrelated to the original claim regarding lack of stationary supplies leading to denial of access to the courts and should not be joined in this action.[45]

Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows a party to "join as many claims as it has against an opposing party."  However, the official commentary of Rule 18 emphasizes that amended Rule 18(a) "deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claim if fairness or convenience justifies separate treatment."[46]  Rule 20 allows multiple defendants to be joined in one suit if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and "any question of law or fact common to all defendants will arise in the action." On the other hand, if the claims arise out of different events and do not involve all defendants, joinder should not be allowed under Rules 18(a) and 20.[47]  Put another way, in a case naming multiple defendants, if claim one is against five defendants and claim two is against only one of those defendants, joinder should not be allowed, unless all claims arose out of the same event and present common questions of law.  If the claims arise from different events and do not involve all defendants, joinder should not be allowed.[48]

Further, severing unrelated claims brought by an inmate is often warranted even if some claims involve related defendants because allowing several unrelated claims to proceed in one

---

[44] R. Doc. 7, pp. 1-3.

[45] Gilliam also reiterated his claims regarding his lost manilla envelope containing his legal book, but none of the allegations save the claim from dismissal, and it remains subject to dismissal for the reasons stated above.  *See supra* Part II. B. ii.

[46] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.

[47] *Shafer v. Davis*, No. 20-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

[48] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

action would frustrate the purposes of the Prison Litigation Reform Act ("PLRA").[49] Indeed, the Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to avoid the PLRA's three-strikes provision.[50]  Because the claims in the "Second Supplement to § 1983" are unrelated to the claims brought in the original and amended complaints, it is recommended that the claims of lost property including the JPay tablet, excessive force, and deliberate indifference contained therein be dismissed without prejudice as improperly cumulated.[51]

### D.  All Other Requests Will be Denied

Gilliam has filed numerous motions seeking to amend and/or supplement his claims, but all of the proposed amended/supplemental complaints are unrelated to the original claim, so as to render joinder of the claims in this action improper for the same reasons as discussed above relative to the "Second Supplement to § 1983."   Additionally, all claims are unexhausted on the face of the proposed amended/supplemental complaints, so allowing leave to amend/supplement would be futile, as these claims would be subject to dismissal as unexhausted pursuant to 42 U.S.C. § 1997e.  A review of the docket sheet demonstrates that Gilliam has used this action as a means to continually complain regarding incidents occurring involving him as they occur; this is improper because, prior to litigating a claim in this Court, he is required to pursue available administrative remedies.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in

---

[49] *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), *judgment entered*, 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and *aff'd*, 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).
[50] *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.").
[51] R. Doc. 7.  The claims occurring after the filing of this action would also be subject to dismissal for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e.

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[52]  The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in federal court.[53]  When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted[54]  Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints."[55]  However, a district court may dismiss a case for failure to state a claim on its own motion, based on failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust."[56]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure process to exhaust administrative remedies before filing suit in federal court.  The ARP process is found in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate begins the ARP process by completing a request for administrative remedy or by writing a letter to the warden.  An ARP screening officer screens the inmate's request and either accepts the request or rejects it for one of the allowed reasons.  A request rejected during the screening process cannot be appealed to the second step.  If a request is accepted at the screening level, the warden must respond on a first-step response form within forty days of receipt of the request (five days for a complaint under the Prison Rape Elimination Act).[57]  If an inmate is not satisfied with the first-step response, he may proceed to the second step of the ARP process by appealing to the Secretary of the Department of Corrections.  The DOC Secretary must issue a response within forty-five days from the date the

---

[52] 42 U.S.C. § 1997e(a).
[53] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[54] *Hicks v. Garcia*, 372 Fed.Appx. 557, 558 (5th Cir. 2010).
[55] *Jones*, 549 U.S. at 216.
[56] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2014).
[57] The process also provides for an emergency procedure for circumstances that subject the offender to a substantial risk of personal injury or cause other serious and irreparable harm to the offender if the offender was to be subject to the regular time limits.  La. Admin. Code tit. 22, Part I, § 325.

second-step request is received, using a second step response form.  An inmate dissatisfied with the second-step response may file suit.  Whether or not a second-step response is received, once ninety days have passed from the date the inmate begins the ARP process, unless an extension has been granted, the inmate may file suit.

In Gilliam's first Motion to File Supplemental Complaint and Add Defendants, he seeks to update this action to include claims for incidents occurring in July 2023 that are entirely unrelated to the claims in the original and first amended complaints.[58]  These include claims of excessive force, failure to protect, and deliberate indifference arising from an incident involving chemical spray occurring on July 5, 2023.[59]  Plaintiff also complains that documents have not been produced in this action in response to requests Plaintiff made in June 2023.  Finally, Plaintiff complains that on July 17, 2023, he was taken for outside medical treatment resulting from going a "long period" without his medication.[60]  As these events occurred *after* the filing of this action, they were clearly not exhausted prior to filing and are subject to dismissal.[61]

Gilliam's next Motion does not add any new claims but seeks to add Tonya Gilliam as a Plaintiff and to add multiple Defendants.[62]  Because it is recommended that all claims be dismissed and that leave to amend/supplement to add any new claims be declined, this Motion, which seeks only to add parties, will be denied.

---

[58] R. Doc. 12.  Note, R. Doc. 12-1 is a copy of R. Doc. 7, which is discussed above.

[59] R. Doc. 12.

[60] R. Doc. 12, p. 9.

[61] *See Ceasar v. Louisiana Dept. of Public Safety & Corr.*, No. 17-1691, 2019 WL 6000370, at *3 (M.D. La. Oct. 21, 2019) (dismissing claim as unexhausted on the face of the complaint when the suit was filed nineteen days after incident occurred).  Further, it is not sufficient if Gilliam has exhausted these claims while this action was pending. Exhaustion must be completed *prior* to filing suit; exhaustion while the action is pending is insufficient to meet the requirements of the PLRA.  *See Patterson v. Stanley*, 547 Fed.Appx. 510, 512 (5th Cir. 2013) (citing *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

[62] R. Doc. 13.

The next Motion seeks to correct facts alleged in the proposed supplemental complaint contained in R. Doc. 12.[63]  Because Gilliam is not being permitted to amend to add the claims contained in R. Doc. 12, this Motion, which seeks amendment of that document, is futile and will be denied.[64]  Similarly, the next "Motion for Request to add to Complaint"[65] seeks to further elaborate on claims that are sought to be improperly joined in this action and are unexhausted, as well as add more unexhausted claims from events happening into September 2023.[66]  Because allowing Gilliam to file any of the foregoing amendments would be futile, his motions will be denied.

Finally, Gilliam filed a Motion seeking production of documents from Defendants.[67] Because it is recommended that this action be dismissed in its entirety, no discovery will be allowed, and this Motion is moot.

### E.  Gilliam's Requests for Injunctive Relief Should be Denied

Gilliam has filed two Motions seeking preliminary injunctive relief.[68]  "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[69]  The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[70] At all times, the burden of persuasion to obtain a preliminary injunction or temporary restraining order remains with the plaintiff as to each of the four required elements.  Specifically,

---

[63] R. Doc. 20.
[64] Nothing in the proposed corrected facts renders the claims in R. Doc. 12 properly joined or exhausted.  R. Doc. 20.
[65] R. Doc. 21.
[66] R. Doc. 21.
[67] R. Doc. 23.
[68] R. Docs. 1 & 22.
[69] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted).  *See* also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors").
[70] *See Allied Mktg. Grp., Inc*., 878 F.2d at 809.

a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[71]  If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[72]

Gilliam cannot establish a likelihood of success on the merits as to his request for injunctive relief for the same reasons that dismissal for failure to state a claim has been recommended as to his federal claims.  If the recommendation to dismiss this matter for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A is adopted, then any request for injunction would necessarily be denied.[73]

### F.  Exercise of Supplemental Jurisdiction Should Be Declined

Finally, to the extent Gilliam's allegations may be interpreted as asking the Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[74]  Having recommended that Gilliam's federal claims

---

[71] *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).
[72] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).
[73] Gilliam's second request for preliminary injunctive relief is unrelated to the claims that were analyzed on the merits in this action and, rather, appear to be related to claims regarding excessive force that are unexhausted and would not be properly joined in this action.  *See* R. Doc. 22.
[74] 28 U.S.C. § 1367.

be dismissed, it is further recommended that the Court decline to exercise supplemental jurisdiction over potential state law claims.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any of Plaintiff Hugh Gilliam's potential state law claims and that Hugh Gilliam's claims brought in his original and amended complaints[75] regarding lack of stationary supplies and his lost law book be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted and as legally frivolous.[76]

**IT IS FURTHER RECOMMENDED** that the claims regarding lost property, excessive force, and deliberate indifference contained in the Second Supplement to § 1983 be **DISMISSED WITHOUT PREJUDICE** as improperly joined.[77]

**IT IS FURTHER RECOMMENDED** that the requests for preliminary injunctive relief[78] be **DENIED**.

## ORDER

**IT IS ORDERED** that the Motion for Leave to File Supplemental Complaint,[79] Motion for Leave to Add Plaintiffs and Add Defendants,[80] Motion to Correct Supplemental Complaint and

---

[75] R. Docs. 1 & 3.

[76] Gilliam is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.

[77] R. Doc. 7.

[78] R. Docs. 1 & 22.

[79] R. Doc. 12.

[80] R. Doc. 13.

File New Exhibits,[81] and Motion for Request to Add to Complaint[82] filed by Plaintiff Hugh Gilliam be **DENIED**.

      **IT IS FURTHER ORDERED** that the Motion to Add New Production of Documents[83] filed by Plaintiff Hugh Gilliam be **DENIED AS MOOT**.

      Signed in Baton Rouge, Louisiana, on November 7, 2023.


_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[81] R. Doc. 20.
[82] R. Doc. 21.
[83] R. Doc. 23.